MATTHEW RIGHETTI, ESQ. {SBN 121012}
matt@righettilaw.com
JOHN GLUGOSKI, ESQ. {SBN 191551}
jglugoski@righettilaw.com
MICHAEL C. RIGHETTI, ESQ. {SBN 258541]
mike@righettilaw.com
**RIGHETTI GLUGOSKI, PC**
456 Montgomery St., Suite 1400
San Francisco, California 94101
Telephone: (415)983-0900/Facsimile: (415) 397-9005

REUBEN D. NATHAN, ESQ. {SBN208436}
rnathan@nathanlawpractice.com
**NATHAN & ASSOCIATES, APC**
2901 West Pacific Coast Highway, Suite 350
Newport Beach, California 92663
Telephone: (949)263-5992/Facsimile: (949)209-1948

Attorneys for Plaintiff, Jasen Silver, individually, and on behalf of others similarly situated

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASEN SILVER, and ROBERT BURKE on behalf of themselves and all similarly situated persons,<br><br>Plaintiff,<br><br>vs.<br><br>24 HOUR FITNESS USA, INC.,<br><br>Defendant | Case No.:<br><br>CLASS ACTION<br><br>**COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227**<br><br>**DEMAND FOR JURY TRIAL** |

1

**CLASS ACTION COMPLAINT**

Plaintiff, JASEN SILVER ("Plaintiff") brings this action on behalf of himself and the alleged class of persons similarly situated against Defendant, 24 HOUR FITNESS USA, INC. ("24 HOUR FITNESS" or "Defendant") and other unknown Defendants whose involvement in the alleged acts complained of herein will be the subject of immediate discovery for violations of the Telephone Consumer Protection Act ("TCPA").  Plaintiff brings this action against Defendant to stop Defendant's practice of initiating telemarketing and advertising campaigns by (a) placing telephone calls and/or text messages to cellular telephones after October 16, 2013 using an automatic telephone dialing system and/or using an artificial or prerecorded voice to deliver a message without the prior unambiguous written express consent of the called party ("Autodialing Violations"), and (b) continuing to place telephone calls to residential telephones numbers when a person has registered his/her number on the National Do Not Call Registry and that person has made a request to Defendant to cease making such calls ("NDNCR Violations").  The action seeks remedies set forth by the TCPA.  The Autodialing Violations are brought on behalf of Class A, defined as follows:  all individuals who were members of 24 Hour Fitness and received calls and/or text messages initiated by or on behalf of 24 Hour Fitness USA, Inc. after October 16, 2013 to cellular telephones by the use of an automatic telephone dialing system within four years preceding the filing of this Complaint to the present and who had neither provided prior unambiguous written express consent to receive such calls/texts nor agreed to arbitrate claims against Defendant.

The NDNCR Violations are brought on behalf of Class B, defined as follows: all individuals who were members of 24 Hour Fitness and received telephone calls initiated by or on behalf of 24 Hour Fitness USA, Inc. to residential telephone numbers registered on the National Do Not Call Registry maintained by the federal government after s/he had requested to Defendant that the calls stop within four years preceding the filing of this Complaint to the present and did not agree to arbitrate the subject matter of this dispute with Defendant.

## PRELIMINARY STATEMENT

1. Defendant, 24 Hour Fitness USA, Inc. ("Defendant"), is a nationwide retail fitness/gym operator. All of the telephone calls and text messages alleged herein were placed by or at the direction of 24 Hour Fitness.

2. Defendant engaged in telemarketing/advertising, directly and/or through its authorized agents acting on Defendant's behalf, by dialing and/or text messaging cellular telephone numbers throughout California and the greater United States after October 16, 2013, using both an automatic telephone dialing system and an artificial or prerecorded voice to deliver a message or short message service (text message) without the prior unambiguous written express consent of the called party. Plaintiff received several of such telephone calls and/or text messages.

3. Defendant also engaged in telemarketing/advertising by dialing residential telephone numbers throughout California and the greater United States to telephone numbers listed on the National Do Not Call Registry after individuals had requested that Defendant stop making such calls. Plaintiff received several of such telephone calls.

4. Plaintiff brings this class action complaint against Defendant to halt Defendant's illegal telemarketing practices. For his class action complaint, Plaintiffs alleges as follows upon personal information as to himself and his own acts and experiences, and, as to all other matters, upon information and belief.

## NATURE OF THE ACTION

5. This suit asserts allegations that Defendant violated the Telephone Consumer Protection Act (47 U.S.C. §227 *et seq.*) ("TCPA") with its marketing and advertising campaigns by making, or causing to be made, and benefiting/profiting from dialing cellular telephone numbers (telephone calls or text messages) using an automatic telephone dialing system ("ATDS") and using an artificial or prerecorded voice to deliver a message after October 16, 2013, without the prior written unambiguous express consent of the called party. The telephone calls or text messages that were placed to

cellular telephones were placed using equipment that meets the definition of ATDS, i.e. the telephone dialing system had the capacity— (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.  By effectuating this telephonic spam, Defendants have caused consumers actual harm, not only because the consumers were subjected to a violation of their right to privacy, but also because of the annoyance and aggravation that necessarily accompanies unsolicited telemarketing calls of this nature. Most importantly, the calls alleged herein are in violation of the TCPA – a federal statute specifically prohibiting the type of conduct alleged herein.

6.     The telephone calls or text messages described herein were initiated by Defendant or an agent authorized by Defendant to act on its behalf and for Defendant's direct benefit.  The telemarketing calls concerned attempts by Defendant to upsell memberships and to sell personal trailing services and to otherwise advertise for Defendant's products and services.

7.     Plaintiff has never provided any consent, much less unambiguous written express consent to receive such telemarketing calls or text messages on his cellular phone from Defendant or its agents.

8.     Plaintiff is informed and believes that Defendant dialed, or authorized the dialing of, thousands of such telephone calls and text messages to cellular phone numbers of individuals who are members of Class A.   The making of such calls or text messages to cellular telephones after October 16, 2013 without the recipients' unambiguous written express consent violates 47 U.S.C. § 227.

9.     Moreover, Plaintiff's telephone number had been previously registered with the National Do Not Call Registry maintained by the federal government and, although Plaintiff had a prior established business relationship with Defendant, Plaintiff had requested that Defendant stop making such telemarketing calls.  Plaintiff's request was ignored and the telemarketing calls continued after Plaintiff's request.  Thus, Defendant's

conduct constitutes a violation of 47 U.S.C. §47 C.F.R. §64.1200 (c). The regulation provides: (c) No person or entity shall initiate any telephone solicitation to: (2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. Such do-not-call registrations must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator. Subsection (e) of 47 C.F.R. §64.1200 provides that §64.1200 (d) is "applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278 FCC 03-153, 'Rules and regulations Implementing the Telephone Consumer Protection Act of 1991."

10. Defendant violated § 64.1200(d) and (e) by making, or causing to be made, and benefiting/profiting from the making of calls for telemarketing purposes to residential telephone subscribers, such as Plaintiff's and individuals identified in Class B where Plaintiff and members of Class B were not only registered on the National Do Not Call Registry, but had also asked not to further called by Defendant.

11. Plaintiff, on behalf of himself and a class of similarly situated persons in the United States, as more specifically defined herein, brings this suit under the TCPA for injunctive relief and an award of statutory damages, together with costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

12. This Honorable Court has sole and exclusive jurisdiction over this action under the TCPA. The TCPA expressly creates a private right of action for damages and injunctive relief by a person who suffers a violation of the statute, and vests jurisdiction to federal district courts to consider and decide such cases or controversies. 47 U.S.C. § 227(b)(3). Venue is appropriate in the Northern District of California because Plaintiff resides in the Northern District of California, Plaintiff was a member of 24 Hour Fitness

in this district, and Plaintiff received text messages and/or telephone calls described herein from Defendant in the Northern District of California.

## DESCRIPTION OF THE PARTIES

13. Jasen Silver is an individual domiciled and residing in the City of San Jose, State of California. The telephone number where Jasen Silver received calls from Defendant is (408) 390-4866.

14. Defendant, 24 Hour Fitness USA, Inc., is headquartered in Carlsbad, California with its principal place of business located at 12647 Alcosta Boulevard, Suite 500, San Ramon, California 94583.

15. Defendant, 24 Hour Fitness USA, Inc. transacts business in the State of California, corporation no. C1143727. Defendant, 24 Hour Fitness USA, Inc. conducts business in the Northern District by, among other things, telemarketing/advertising to California consumers by initiating the unsolicited, spam telemarketing calls described herein to individuals who reside in the Northern District of California.

## FACTUAL ALLEGATIONS

### General Overview of the TCPA

16. In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA), in response to a growing number of consumer complaints regarding certain telemarketing practices.

17. The TCPA regulates, among other things, the use of automated telephone equipment. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated telemarketing is a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

18.     Under the TCPA for calls made after October 16, 2013, the burden is on Defendant to demonstrate that the recipient provided unambiguous written express consent within the meaning of the statute.

19.     The *Telemarketing Sales Rule* provides that it is a "deceptive telemarketing act or practice and violation of this Rule for a person to provide substantial assistance or support to any seller or telemarketer when that person knows or consciously avoids knowing that the seller or telemarketer is engaged in any act or practice that violates ... § 310.4 of this Rule." 16 C.F.R. § 310.3(b).

## **Placing and Receipt of the Spam Telemarketing/Advertising Calls**

20.     At all relevant times Plaintiff, individual residing in the State of California, was "person" as defined by 47 U.S.C. § 153(32).

21.     On or about August 2008, Jason Silver signed up for a three year membership with 24 Hour Fitness (member number IF98194, agreement number IF98195). Thereafter, Mr. Silver begin receiving telephone calls and text messages to his phone initiated by or on behalf of Defendant using, in the case of telephone calls, an artificial or prerecorded voice to deliver a message. The alleged telemarketing calls and/or texts alleged herein took place after October 16, 2013. The calls included prerecorded messages and both the calls and text messages were advertising additional membership options and personal training services offered by Defendant. Mr. Silver never provided unambiguous written express consent to receive such calls or text messages from or on behalf of Defendant. The calls received by Plaintiff Silver were prerecorded and/or robotic and/or made with equipment capable of dialing numbers without human intervention for the commercial purpose of selling Defendant's services. These facts evince that the calls were initiated using an Automatic Telephone Dialing System as defined by federal law.

22. Mr. Silver's phone number was registered on the National Do Not Call Registry by Mr. Silver as of October 14, 2007. Mr. Silver requested to Defendant that Defendant stop initiating/sending such calls and/or text messages to him. Mr. Silver contacted Defendant's customer service department and requested that such calls and text messages cease. Additionally, Mr. Silver appeared in person at his local gym and requested that such calls and text messages cease. Nevertheless, he received more calls and text messages thereafter.

23. Plaintiff is informed and believes and thereon allege that Defendant made, or had made on its behalf, the same (or substantially the same) calls *en masse* to thousands of individuals in Class A and B throughout the United States.

24. In making the telephone calls at issue in the Complaint, Defendant utilized an automatic telephone dialing system. Specifically, the hardware and software used by Defendant (or its agent(s)) has the capacity to store, produce, and dial random sequential numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention. Plaintiff further alleges that Defendant's automated dialing equipment includes features substantially similar to a predictive dialer, inasmuch as it is capable of making numerous calls simultaneously (all without human intervention).

25. Plaintiff never provided unambiguous written express consent to receive any calls from Defendant.

26. Plaintiff is informed and believes and based thereon allege that substantially similar calls were sent to individuals using an automatic telephone dialing system and using an artificial or prerecorded voice or equipment capable of dialing numbers without human intervention to deliver a message to other individuals' cellular telephone lines after October 16, 2013 where the recipients had not provided unambiguous written express consent to receive such calls. None of those cellular telephone subscribers gave

Defendant their prior unambiguous written express consent to receive such calls, and the calls were not made for emergency purposes.

27. Plaintiff is informed and believes and based thereon allege that substantially similar calls were made to individuals who had registered their residential phone numbers on the NDNCR and continued to receive calls from Defendant after specifically making a request that Defendant stop calling.

## CLASS ACTION ALLEGATIONS

28. Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23(b) on behalf of two classes. Class A is defined as follows:

> All persons in the United States or its territories who were members of 24 Hour Fitness (1) to whom 24 Hour Fitness USA, Inc. placed, or caused to be placed, calls and/or texts, (2) directed to a number assigned to a cellular telephone service, (3) by using an automatic telephone dialing system, (4) after October 16, 2013, and (5) who how had neither provided unambiguous written express consent prior to receiving such calls, nor agreed to arbitrate claims against Defendant.

Class B is defined as follows:

> All persons in the United States or its territories who were members of 24 Hour Fitness and received telephone calls initiated by or on behalf of 24 Hour Fitness USA, Inc. to residential telephone numbers registered on the National Do Not Call Registry after s/he had requested that the calls stop within four years preceding the filing of this Complaint to the present and who did not agree to arbitrate claims against Defendant.

29. The Classes consist of thousands of individuals who are geographically dispersed making joinder impractical, in satisfaction of Federal Rule of Civil Procedure 23(a)(1). The exact size of the respective class and identities of the individual members thereof are ascertainable through Defendants' records, or the records of its

representatives, including but not limited to the phone or transmission logs and/or telephone company records.

30. The claims of Plaintiff are typical of the claims of the respective class members. The claims of the Plaintiff and the respective class members are based on the same legal theories and arise from the same unlawful and willful conduct, resulting in the same injury to the Plaintiff and the respective class members.

31. The classes have a well-defined community of interest. Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the respective class members, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the respective class members.

32. There are many questions of law and fact common to the claims of Plaintiff and the respective class members, and those questions predominate over any questions that may affect only individual class members within the meaning of Federal Rule of Civil Procedure 23(a)(2) and 23(b)(2).

33. Common questions of fact and law affecting members of the Classes include, but are not limited to, the following:

(a) Whether Defendant's conduct violates 47 U.S.C. § 227;

(b) Whether the equipment used by Defendants to make the calls alleged herein qualifies as an Automatic Telephone Dialing System within the meaning of 47 U.S.C. §(a)(1);

(c) Whether Plaintiff and members of the Class are entitled to damages from Defendants for making the calls alleged herein without express consent;

(d) Whether Plaintiff and members of the Classes are entitled to a permanent injunction enjoining Defendants from continuing to engage in their unlawful conduct; and

(e) Whether Plaintiff and members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

34. Absent a class action, most of the respective class members would find the cost of litigating their claims to be prohibitive, and will have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

35. Plaintiff will fairly and adequately represent and protect the interests of the respective class members. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the respective class members, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the respective class members.

36. This action is brought and may properly be maintained as a class action pursuant to the provisions of Federal Rule of Civil Procedure 23. This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of these statutory provisions and the jurisprudence of the courts.

## COUNT ONE
## LIABILITY PURSUANT TO THE TCPA

37. Plaintiff restates and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

38. Defendant and/or its agents made, or caused to be made, telephone calls to cellular phone numbers after October 16, 2013 using an automatic dialing system without the unambiguous written prior express consent of the called party and using an artificial or prerecorded voice to deliver a message in violation of 47 U.S.C. § 227 *et seq*.

39. Defendant and/or its agents made the calls using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention. Defendant

and/or its agents utilized equipment that made calls and text messages to Plaintiff and other members of Class A simultaneously and without human intervention. The telephone dialing equipment utilized by Defendant and/or its agents, which is substantially similar to a predictive dialer, dialed numbers from a list, or dialed numbers from a database of telephone numbers, in an automatic and systematic manner.

40. Thus, Defendants violated 47 U.S.C. § 227 which makes it unlawful to make any call after October 16, 2013 (other than a call made for emergency purposes or made with the unambiguous written prior express consent of the called party) using any automatic telephone dialing system and an artificial or prerecorded voice or text message to any cellular telephone service.

41. As to Class B, Plaintiff is informed and believes and based thereon alleges that Defendant violated 47 C.F.R. §64.1200 (c).  The regulation provides: (c) No person or entity shall initiate any telephone solicitation to: (2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. Such do-not-call registrations must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator.

42. For members of Class B, Defendants violated § 64.1200(d) and (e) by making, or causing to be made, and benefiting/profiting from the making of calls for telemarketing purposes to residential telephone subscribers, such as Plaintiff and those in Class B, despite the fact that those individuals had both registered their numbers on the NDNCR and also requested not to receive telemarketing calls or texts from Defendant,

## DAMAGES UNDER THE TCPA

43.  Pursuant to 47 U.S.C. § 227(b)(3), a person or entity may bring a private action to recover either actual damages, or $500 in statutory damages for each such violation, whichever is greater.

44. Accordingly, as a proximate result of the Defendant's conduct, Plaintiff and the Classes seek statutory damages as provided by law.

45. In addition, if the court finds that the Defendant's willfully or knowingly violated the TCPA, the Court may, in its discretion, increase the amount of the award to an amount equal to not more than three (3) times the amount available under 47 U.S.C. § 227(b)(3).

## TCPA INJUNCTIVE RELIEF

46. Additionally, Plaintiff and the Class are entitled to request that Defendant be enjoined from initiating any more calls to cellular telephone lines using an automatic telephone dialing system and an artificial or prerecorded voice pursuant to 47 U.S.C. § 227.

## DEMAND FOR PRESERVATION

47. Plaintiff specifically demands that Defendant and its agents, employees and affiliates, retain and preserve all records relating to the allegations in this Complaint. Specifically, Plaintiff's demand for preservation includes, but is not limited to, the following documents and information:

(a) Scripts of the prerecorded messages alleged herein with corresponding dates when those messages were sent;

(b) Lists of all phone numbers to which cellular and/or residential telephone calls were made during the time period alleged herein;

(d) Lists of all persons and/or phone numbers who requested to opt-out of receiving calls during the four years preceding the filing of this Complaint;

(e) Any proof Defendant contends shows that Defendant obtained the unambiguous written prior express consent of any recipient of Defendant's calls;

(e) Any proof Defendant contends shows arbitration agreements with any members of the putative Classes (A or B);

(f) Any and all transmission or phone logs showing dates of transmission, recordings of calls, receipt or identity of recipient of calls placed by Defendant or on Defendant's behalf during the four years preceding the filing of this Complaint;

(g) Copies of any and all policies or procedures implemented by Defendant with regard to the placement of calls, as well as marketing activities and restrictions;

(h) Any and all records showing (i) a written policy for maintaining a do-not-call list; (ii) informing and training of telemarketing personnel in the existence and use of the do-not-call list; (iii) any do-not-call lists maintained by or on behalf of Defendant; (iv) any do-not-call requests received from recipients of Defendant's telemarketing; (v) knowledge of whether numbers called by Defendant were on the national do-not-call registry that is maintained by the Federal Government.

(i) Documents related to Defendant's cost for transmitting the calls/text messages sent by Defendant or on Defendant's behalf during the four years preceding the filing of this Complaint; and

Demand is made on Defendants to notify any third parties, customers, or vendors of this preservation demand and request preservation of any information requested through this demand.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, on behalf of himself and as representative of all other persons similarly situated, prays for judgment against Defendant, as follows:

(1) An Order certifying the Class under the appropriate provisions of F.R.C.P. 23 and appointing the Plaintiff and his counsel to represent the classes;

(2) For statutory damages as provided for under 47 U.S.C. § 227(b)(3) plus up to treble that amount for Defendant's willful and knowing violations of the law;

(3) For an injunction restraining Defendant from making calls and/or text messages to cellular telephone lines/numbers using an automatic telephone dialing system and using an artificial or prerecorded voice without unambiguous written prior express consent

and/or calling individuals registered on the National Do Not Call Registry after an individual requests that the calls cease;

(4) For pre-judgment interest from the date of filing this suit;

(5) For reasonable attorney's fees;

(6) For all costs of this proceeding; and

(7) For all general, special, and equitable relief to which the Plaintiff and the members of the classes are entitled by law.

## JURY DEMAND

Plaintiff demands trial by jury on all counts for which a jury trial is permitted.

RESPECTFULLY SUBMITTED,

**Dated:  November 25, 2015**               **RIGHETTI GLUGOSKI, APC**

  **s/ Matthew Righetti**_____
Matthew Righetti, Esq.
Attorneys for Plaintiff

**Dated:  November 25, 2015**               **NATHAN & ASSOCIATES, APC**

  **s/ Reuben D. Nathan**_____
Reuben D. Nathan, Esq.
Attorneys for Plaintiff